# Ex Parte Medina.

## Application for a Writ of Habeas Corpus.

No. 21.—Decided November 25, 1903.

CONTEMPT—COMMITMENT.—An order of imprisonment for contempt, in addition to the signature of the judge who delivered the sentence, must set forth the acts constituting the contempt, the time and place of the commission thereof, and the attending circumstances, and also the specification of the sentence; otherwise such sentence is wholly invalid and inoperative and the warrant of commitment issued for the execution thereof is null and void.

ID.—The powers of courts of justice to punish contempt of court committed against their authority is sanctioned by section 7 of the Penal Code. The provisions of the latter, therefore, do not affect those contained in the special act defining and punishing the offense of contempt of court, nor is there any conflict between them.

ID.—CRIMINAL PROSECUTION.—Punishment for contempt of court inflicted under the special act does not bar a criminal prosecution for the same offense conducted by the *fiscal* of the proper jurisdiction.

### STATEMENT OF THE CASE.

The writ of *habeas corpus* having been duly returned, the hearing thereon was had, the petitioner Julio Medina being present with his counsel, Santiago B. Palmer, as also the *Fiscal* of this Supreme Court, who opposed the granting of the writ for reasons deemed by him to be pertinent.

At this hearing the court had also before it the original record, transmitted by the District Court of Mayagüez, of the proceedings had before it against Hobart S. Bird and Julio Medina, for contempt of the court that had cognizance of the trial by jury of Osvaldo Baez. From this record it appears that after judgment had been rendered by the presiding judge of said court, Arturo Aponte, whereby the petitioner, Julio Medina, was sentenced to thirty days' imprisonment in the public jail of Mayagüez and to the payment of a fine of two hundred dollars, and Hobart S. Bird to nineteen days' imprisonment and a fine of one hundred dollars, and a warrant was ordered to be issued for the commitment of the defendants, the clerk of the District

ordenó que se librara mandamiento para el arresto de los acusados, se expidió por el Secretario de la Corte de Distrito de Mayagüez un mandamiento cometido al oficial encargado de la paz pública, autorizado sólo por el referido funcionario y en el que no se consignaban los actos constitutivos del desacato imputado, siendo en virtud de dicho mandamiento reducido á prisión el Medina en la cárcel pública de aquella ciadad bajo la custodia del Alcaide de dicho establecimlento penal.

Abogados del peticionario: *Sres de Diego* y *Palmer.*

·Abogado del Pueblo: *Sr. del Toro,* Fiscal.

*Considerando:* que no puede admitirse la teoría sustanciada por el Ministerio Fiscal en su informe escrito, de que

Court of Mayagüez issued a warrant to the official in charge of the public peace, authorized only by aforesaid clerk and failing to specify the acts constituting the contempt charged. In compliance with said warrant Medina was committed to the public jail of said city, in custody of the warden of said penal establishment.

*Messrs. de Diego* and *Palmer*, for petitioner.

*Mr. del Toro, Fiscal,* for the People.

' CHIEF JUSTICE QUIÑONES, after making the above statement of facts, rendered the opinion of the court.

Section 3 of the act of the Legislative Assembly of this Island, entitled "An Act defining the offense of contempt of court and providing for the punishment thereof", approved March 1, 1902, provides that "whenever a person is fined or committed to jail for contempt of court, an order or warrant for such fine or imprisonment must be signed by the judge delivering such sentence, setting forth the act or acts constituting such contempt, with the time and place of the commission thereof, and the circumstances thereof, and specifying the sentence of the court; otherwise such sentence will be wholly invalid and inoperative"; and as the warrant issued for the commitment of the petitioner, Julio Medina, does not contain the requirements prescribed in aforesaid section 3, for neither is it signed by the trial judge, Aponte, nor does it set forth the act constituting the contempt, the sentence pronounced by said Judge Aponte is null and void by express provision of the law, and therefore the warrant issued for the execution of said sentence upon the person of the petitioner, Julio Medina, is wholly invalid and inoperative.

The theory advanced by the Attorney General in his brief, to the effect that the act of the Legislative Assembly of this Island, defining and punishing the offense of contempt of court, has been repealed by the Penal Code, cannot

la ley de la Asamblea Legislativa de esta Isla definiendo y penando el delito de desacato esté derogada por el Código Penal, pues aparte de que no puede presumirse que entrara en la mente de la Asamblea Legislativa que una ley creada para robustecer y afianzar la autoridad y el prestigio de los Tribunales de Justicia, solo estuviera en uso temporalmente ó sea desde el 1º de Marzo de 1902 en que fué aprobada hasta el 1º de Julio del mismo año en que comenzó á regir el Código Penal, resulta por el contrario, que éste no la afecta en lo más mínimo, toda vez que con arreglo al artículo 6 del propio Código, nada de lo que en él se establece y consigna afecta á "ningún poder conferido por la ley á cualquier Consejo de Guerra autoridad ú oficial militar para imponer castigos á delincuentes, ni á ningún poder conferido por la ley á cualquier cuerpo, Tribunal ó funcionario público para castigar delincuentes"; de donde se deduce que entre esos poderes está indudablemente comprendido el que se confiere por la citada ley de la Asamblea Legislativa á esta Corte Suprema, á las Cortes de Distrito y á cualquier otro Tribunal análogo ó semejante debidamente establecido en Puerto Rico, para castigar los desacatos cometidos contra su autoridad, bien se cometan á su presencia, ó en cualquier otra forma de las que la misma ley determina.

*Considerando*: que esta doctrina la robustece y confirma la propia ley de la Asamblea Legislativa al disponer en su sección 3ª que la pena por desacato impuesta con arreglo á dicha sección no impedirá la acción penal que el por el mismo delito entablare el Fiscal de la respectiva jurisdicción, pero que cuando una persona así castigada resultare convicta en la causa adicional que se le siguiere, el Tribunal, al sentenciar, tomará en cuenta el castigo impuéstole anteriormente con arreglo á dicha ley, de donde se deduce lógicamente que entre ambas leyes no existen disposiciones contradictorias ó en conflicto, sino que por el contrario se armonizan y concilian perfectamente, y que ambas fueron dictadas por la Asamblea Legislativa con el propósito de que subsistieran conjunta y simultaneamente.

*Considerando*, por tanto, que siendo ineficaz y nulo el mandamiento librado para la prisión del promovente Don

be accepted, because aside from the fact that it is not to be presumed that a law framed by the Legislative Assembly for the purpose of strengthening and assuring the authority and prestige of courts of justice, was intended to be in use only temporarily, viz., from March, 1902, when it was approved, to July 1, of the same year, when the Penal Code took effect, it appears, on the contrary, that the latter does not affect it in the least, inasmuch as according to section 7 of said Code, nothing established by, and contained in the same, affects "any power conferred by law upon any court martial, or military authority or other officer, to impose or inflict punishment upon offenders, nor any power conferred by law upon any public body, tribunal or officer, to impose or inflict punishment upon offenders;" whence it is to be inferred that among these powers is undoubtedly included that conferred by aforesaid act of the Legislative Assembly upon this Supreme Court, the District Courts and any similar court duly established in Porto Rico, to punish for contempts against their authority, whether committed in their presence, or in any other manner provided for therein.

This doctrine is strengthened and confirmed by the act of the Legislative Assembly itself, which provides in its section 3, that punishment for a contempt of court under said section shall not bar a criminal prosecution for the same offense, conducted by the *fiscal* of the proper jurisdiction, but where a person so punished is convicted upon such additional prosecution, his previous punishment under said act shall be taken into consideration by the court pronouncing sentence upon him; whence it is reasonably to be inferred that there are no contradictory or conflicting provisions in these laws, but on the contrary, that they harmonize and agree perfectly, and that both were enacted by the Legislative Assembly with a view to their subsisting conjointly and simultaneously.

Therefore, the warrant issued for the commitment of the petitioner, Julio Medina, being null and void, it comes

Julio Medina está el caso comprendido en el número 3? del
artículo 483 del Código de Enjuiciamiento Criminal y que
no es posible duplicar el mandamiento como lo propone el
Ministerio· Fiscal en su escrito, porque habiendo quedado
anulada y sin ningún valor la sentencia pronunciada por el
Juez Sr. Aponte, nulo é ilegal resultaría cualquier manda-
miento que se librara para su ejecución.

*Vistas* las disposiciones legales citadas y la resolución de
esta Corte Suprema de 1? de Mayo de 1903, en otro caso
análogo promovido por Mr. Hobart S. Bird á virtud de
sentencia pronunciada contra él por el Tribunal del Distrito
de San Juan por el mismo delito de desacato.    Se declara
con lugar la solicitud de excarcelación presentada por el
promovente de estas diligencias Don Julio Medina y en su
consecuencia quede definitivamente en libertad, cancelán-
dose la fianza que tenía prestada.

Juez concurrente : Sr. Hernández.

El ·Juez Asociado Sr. Sulzbacher concurrió también fun-
dando su voto en las razones expresadas en su opinión
emitida en el·caso No. 22 de Ex parte Bird.

Juez disidente : Sr. MacLeary.

El Juez Asociado Sr. Figueras no formó Tribunal en la
vista de esté caso.

---

under paragraph 3, section 483, of the Code of Criminal Procedure, and said warrant cannot be re-issued, as proposed by the Attorney General in his brief, because the sentence pronounced by Judge Aponte being null and void, any warrant issued for its execution would be void and illegal.

In view of the legal provisions cited above, and the decision of this Supreme Court handed down May 1, 1903, 3 Porto Rico Reports, 501, in a similar case brought here by Hobart S. Bird on appeal from a judgment rendered against him by the District Court of San Juan for the offense of contempt of court, the application for enlargement made by Julio Medina is granted, and accordingly he is ordered to be finally liberated, and the bail furnished by him, canceled.

Mr. Justice Hernández, concurred.

Mr. Justice Sulzbacher also concurred, basing his action on the reasons set forth in his opinion as stated in case No. 22, Ex parte Bird.

Mr. Justice MacLeary, dissented.

---

*Dissenting opinion of Mr. Justice MacLeary.*

This is an application for *habeas corpus* made by Julio Medina, for discharge from an arrest made on account of a contempt committed against the District Court of Mayagüez. The offense consisted in an article appearing in "The San Juan News", and Bird, the editor of that paper, was fined and imprisoned at the same time with Medina, the correspondent.

In my opinion both of the prisoners should have been remanded to custody, for the reasons expressed at length in the Bird case, which was argued at the same time; the two cases being practically parallel, in so far as the reasons go on which this opinion is mainly based.